```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/27/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HEIRESS KENYATTA T. ZEPPORAK REIGN,

    Plaintiff,

-against-

UNITED STATES OF AMERICA, INC., FILE NO. 2193946, et al.

    Defendants.

17-CV-9648 (CM)

ORDER

COLLEEN McMAHON, United States District Judge:

Plaintiff filed this action *pro se*. On December 11, 2017, the Court dismissed the complaint as frivolous, under 28 U.S.C. § 1915(e)(2)(B)(i). Soon thereafter, because of Plaintiff's repeated filing of frivolous actions, she was barred from filing any new action *in forma pauperis* without leave of Court, *Zepporah Reign v. The Crown Office*, No. 1:17-CV-09985, 7 (S.D.N.Y. Apr. 2, 2018), *appeal dismissed*, No. 18-1319 (2d Cir. Nov. 14, 2018) (holding that the "appeal is DISMISSED because it 'lacks an arguable basis either in law or in fact.' *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)").[1]

On August 5, 2022, more than five years after this action was closed, Plaintiff moved for reconsideration of the order of dismissal. (ECF Nos. 6-8.) After reviewing the arguments in Plaintiff's submissions, the Court denies the motion.

## DISCUSSION

Under Rule 60(b) of the Federal Rules of Civil Procedure, a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time

---

[1] Plaintiff's name has been spelled variously as Zepporah and Zepporak in her different filings.


Copies mailed/faxed/handed to counsel on 9/27/2022

> to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). A motion based on reasons (1), (2), or (3) must be filed "no more than one year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

Here, any motion under subsections (1), (2), or (3) of Rule 60(b) is untimely because this motion was filed in August 2022, more than five years after entry of judgment in December 2017. Moreover, the Court has reviewed Plaintiff's submissions, which include a DNA report and "common law copyright," intended to supplement her original pleading. Even under a liberal interpretation of Plaintiff's motion, she fails to demonstrate a basis for relief under any of the first five clauses of Rule 60(b). Therefore, the motion under any of these clauses is denied.

To the extent that Plaintiff seeks relief under Rule 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A party moving under Rule 60(b)(6) cannot circumvent the one-year limitation applicable to claims under clauses (1)-(3) by invoking the residual clause (6) of Rule 60(b). *Id.* A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted).

This motion was not filed within a reasonable time after entry of judgment, and Plaintiff fails to demonstrate that extraordinary circumstances exist to warrant relief under Rule 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

## CONCLUSION

Plaintiff's motion for reconsideration (ECF 6) is denied.

This action is closed. The Clerk of Court will only accept for filing documents that are directed to the United States Court of Appeals for the Second Circuit. If Plaintiff files other documents that are frivolous or meritless, the Court will direct Plaintiff to show cause why Plaintiff should not be barred from filing further documents in this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: 9/27/2022
New York, New York

COLLEEN McMAHON
United States District Judge